Office of the Attorney General · State of Texas

July 26, 2000

The Honorable Judith Zaffirini
Chair, Human Services Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0262

Re: Whether an area of northeastern Bexar County may be disannexed from the Alamo Community College District (RQ-0202-JC)

Dear Senator Zaffirini:

You have asked this office a series of questions regarding the possibility of an area of Bexar County, Texas, being disannexed from the Alamo Community College District, the mechanism by which this might be done, and the implications with respect to the district's debt of such disannexation. We conclude that the disannexation about which you inquire is not possible absent specific statutory authorization. Given that the only Education Code sections which permit disannexation from a community college district as well as the only potentially relevant civil statute on the subject appear to be inapplicable here, and hence the area in question cannot be disannexed, we do not consider those of your questions which are premised on the supposition that such is possible.

The service area of the Alamo Community College District is established by section 130.162 of the Education Code:

> The service area of the Alamo Community College District includes the territory within:
>
> (1) Bexar, Bandera, Comal, Guadalupe, Kendall, Kerr, and Wilson counties; and
>
> (2) Atascosa County, except the territory within the Pleasanton Independent School District.

TEX. EDUC. CODE ANN. § 130.162 (Vernon Supp. 2000). The district includes four colleges, all located in the City of San Antonio: Northwest Vista College, at 3535 North Ellison Drive; St. Philip's College, at 1801 Martin Luther King Drive; Palo Alto College, at 1400 West Villaret Boulevard; and San Antonio College, at 1300 San Pedro. *See*

<http://www.accd.edu/ABOUT/home.htm>. "The four colleges . . . offer associate degrees, certificates and licensures in occupational programs that prepare students for jobs, as well as arts and science courses that transfer to four-year colleges and universities and lead to AA and AS degrees." *Id.*

As you explain the situation prompting your request, "The Randolph Metrocom Chamber of Commerce has appointed a committee to investigate higher education options in the Greater Randolph Area (Northeast Bexar County). One of the options being studied is the separation from the Alamo Community College District and the creation of a new community college district." Letter from Honorable Judith Zaffirini, State Senator, District 21, to Honorable John Cornyn, Texas Attorney General, at 1 (Mar. 3, 2000) (on file with Opinion Committee) [hereinafter "Request Letter"]. You seek to know whether and how such disannexation is possible. We conclude that it is not.

This office has considered questions concerning disannexation of some part of a junior college district in three prior opinions. *See* Tex. Att'y Gen. Op. Nos. DM-297 (1994), M-1235 (1972), M-1073 (1972). In our view, your question is governed by the law as discussed in Attorney General Opinion DM-297. In that opinion, we concluded that "a junior college district may disannex territory only if the legislature statutorily authorizes it to do so and only in the manner that the legislature has provided." Tex. Att'y Gen. Op. No. DM-297 (1994) at 1.

Two sections of the Education Code, sections 130.069 and 130.070, contemplate the disannexation of a part of a junior college district. *See id.* Section 130.069 "authorizes a junior college district to disannex any territory lying within its borders that also lies within the borders of another junior college district." *Id.*; TEX. EDUC. CODE ANN. § 130.069 (Vernon 1991). No such overlap is at issue here, and accordingly section 130.069 is inapplicable.

Section 130.070 permits the disannexation of the "territory of an independent school district which is the only school district that has been annexed to a county[-]wide independent school district junior college district *in an adjoining county*." TEX. EDUC. CODE ANN. § 130.070(a) (Vernon Supp. 2000) (emphasis added). In the instant case, the area you suggest might be disannexed is not in an adjoining county, but is within Bexar County. Accordingly, section 130.070 is by its terms inapplicable.

One auxiliary law that remains in force and effect, article 2815p, Texas Education Auxiliary Laws, must also be considered.[1] Article 2815p states, in relevant part, "The Board of Trustees of any Joint County Junior College District shall have the power to disannex for Junior College

---

[1]Another Act concerning disannexation is inapplicable because it concerns "[t]erritory . . . located within one or more counties, *one of which having a population of at least 2,200,000 . . . .*" TEX. EDUC. AUX. LAWS art. 2815p (Vernon 2000) (Education Auxiliary Laws pamphlet) [Act of May 24, 1983, 68th Leg., R.S., ch. 529, § 1, 1989 Tex. Gen. Laws 3076] (emphasis added). None of the counties in the Alamo Community College District service area has such a population.

purposes any territory located more than fifty-five (55) miles by highway from the point of location of the Junior College, . . . provided . . . that the Board of Trustees shall not have power to disannex territory having taxable valuation, for such lands, in the aggregate, in excess of One Hundred and Twenty Thousand Dollars ($120,000) . . . ." TEX. EDUC. AUX. LAWS art. 2815p (Vernon 2000) (Education Auxiliary Laws pamphlet) [Act of May 26, 1949, 51st Leg., R.S., ch. 399, § 1, 1949 Tex. Gen. Laws 741].

As we have noted, there are four junior colleges in the Alamo Community College District, one of which, St. Philip's College, is located in northeast San Antonio. *See* <http://www.accd.edu/ABOUT/home.htm>. This office does not make factual determinations in the opinion process. However, it would appear to us highly unlikely that the area in northeast Bexar County with which you are concerned could possibly be more than fifty-five miles by highway from a campus of the Alamo Community College District. Even were such the case, we think it yet more implausible that the taxable valuation of the territory of such a proposed district would not greatly exceed $120,000. Only if both these extremely improbable conditions obtained would article 2815p be applicable in this situation.

Because the disannexation of part of a junior college district requires specific statutory authorization, *see* Tex. Att'y Gen. Op. No. DM-297 (1994) at 1, and because none of the statutes authorizing disannexation would appear to apply to a proposed disannexation of a part of northeastern Bexar County from the Alamo Community College District, in all reasonable probability no such disannexation is legally permissible.

## S U M M A R Y

Because the disannexation of part of a junior college district requires specific statutory authorization, *see* Tex. Att'y Gen. Op. No. DM-297 (1994) at 1, and because none of the statutes authorizing disannexation would appear to apply to a proposed disannexation of a part of northeastern Bexar County from the Alamo Community College District, in all reasonable probability no such disannexation is legally permissible.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee